UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HAOCHENG QIAN,                                              No 3:23-cv-00660-SVN
Plaintiff

v.

K TRANS WORLDWIDE LOGISTICS LLC,
Defendant                                                    April 18, 2025


**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

**I.      INTRODUCTION**

Plaintiff brings this pro se action against Defendant alleging in docket entry #31, "wrongful detention and conversion", "fraud and extortion", and unjust enrichment. The core dispute centers on a transportation fee of $2,447.83 but Plaintiff now seeks treble damages of that amount, punitive damages, emotional distress and legal costs.

The dispute arises from Plaintiff's voluntary payment of $2,447.83 to Defendant for transportation of goods from Los Angeles, CA to North Windham, CT. Defendant fully performed the service, and Plaintiff has acknowledged receipt of the goods in full. The Amended complaint does not in describe the basis in law or fact for any emotional distress or punitive damages.

Because the aggregation of plaintiff's various state law claims does not satisfy the threshold requirement of the diversity jurisdiction statute, 28 U.S.C. 1332, the Amended Complaint ought to be dismissed pursuant to FRCP 12(b)(1).

1

Additionally, the Amended Complaint should be dismissed for failure to state a cause of action pursuant to FRCP 12(b)(6). A party is required to plead facts legally sufficient to support its cause of action. The plaintiff has not done that with any of its causes of action. *Massey v. Saunders*, 2010 WL 1565558, J.D. of Stamford-Norwalk, (2010). It has not pled any legally sufficient causes of action.

The plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than just labels and conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544 , 127 S.Ct. 1955, (2007). A pleading that offers "labels and conclusions …will not do." *Ashcroft v. Iqbal*, 556 U/S. 662, 129 S.Ct. 1937 (2009). See F.R.Civ.P. Rule 8(a)(2), 28 USCA.

## II.     ARGUMENT

This Court *sua sponte,* previously dismissed this case on August 1, 2023 at docket entry 15 for its lack of subject matter jurisdiction pursuant to FRCP 12(h)(3) and 41(b) as the plaintiff did not satisfy the statutory requirements for diversity jurisdiction as to the plaintiff's requirement to satisfy the $75,000 amount in controversy to a reasonable probability.

That dismissal came about because after the Court entered an Order to Show Cause on June 1, 2023 at Docket Entry #7, the plaintiff still did not show cause why the amount in controversy exceeds $75,000 to a reasonable probability.

The plaintiff then appealed and the Court at docket entry #21 and #23 again allowed the plaintiff to amend its complaint to demonstrate that the amount in controversy requirement was satisfied. The Court noted that,

> Plaintiff is cautioned that, if the amended complaint were to fail to remedy the jurisdictional deficiencies identified by this Order, the amended complaint would

2

likewise be dismissed, and the Court would be highly unlikely to grant further leave to amend without a showing of good cause.

The plaintiff then filed a "Motion for Reimbursement of Fees and Punitive Damages at docket entry #31, which the Court directed the Court to relabel as an Amended Complaint at docket entry #32.[1]

A review of the Amended Complaint demonstrates that there is no significant distinction between the Complaint at docket entry #1 and this Amended Complaint at docket entry #31 as to reasonably satisfying the $75,0000 threshold requirement. The Amended Complaint seeks the following relief:

1. Reimbursement of the $2,447.83 paid by the plaintiff.
2. Treble damages on $2,447.83 and $1,500.00
3. Compensation for emotional distress
4. Punitive damages
5. Reimbursement of legal costs of $907.

A.      **Punitive Damages**

Beside the conclusory assertion that plaintiff seeks punitive damages "due to the defendant's malicious conduct (under Restatement (Second) of Torts sec. 908)", nowhere in the Amended Complaint is there a factual or legal basis for this assertion.

Under "Punitive Damages" in its Amended Complaint, the plaintiff states only that "The defendant's conduct was malicious and warrants punitive damages under U.S. civil law". It then cites C.G.S. 52-240b. That Connecticut statute applies to product liability actions. This is not a

---

[1] In its Amended Complaint, the plaintiff erroneously states that "The Second Circuit confirmed the defendant's infringement and the seized goods were household property worth far more than $75,000." First, the Second Circuit did not state this (see docket entry #27 for the Mandate), but second, the plaintiff admits that it received the household goods.

3

product liability case. Sec. 52-240b ("Punitive damages in product liability actions"), reads as follows:

> Punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product. If the trier of fact determines that punitive damages should be awarded, the court shall determine the amount of such damages not to exceed an amount equal to twice the damages awarded to the plaintiff.

Thus, plaintiff's claim for "punitive damages" is thus a nullity.

**B.    Emotional Distress**

Similarly, beside the assertion that the plaintiff seeks "Compensation for the emotional distress suffered by the plaintiff (under Tort Law Principles)" , there is no pled basis for such a claim. Although the plaintiff seeks emotional damages on this $2,447.83 transportation issue, it does not plead any facts or law upon which to make such a claim. The statement "Under Tort Law Principles" is not an adequate pleading for emotional distress, whether intentional or negligent.

Connecticut recognizes damages for both intentional and negligent infliction of emotion distress. The plaintiff has not pled the requirements of either or even specified which it claimed.

The elements of a cause of action for intentional infliction of emotion distress are described in *Appleton v. Board of Education,* 254 Conn. 205, 757 A.2d 1059 (2000).

> "In order for the plaintiff to prevail in a case for liability under ... [intentional infliction of emotion distress ], four elements must be established.

It must be pled that: (1) that the actor intended to inflict emotion distress or that he knew or should have known that emotion distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the

4

plaintiff's distress; and (4) that the emotion distress sustained by the plaintiff was severe.... *Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986)." (Internal quotation marks omitted.) *Appleton v. Board of Education,* supra, at 210, 757 A.2d 1059. None of these elements were pled.

In order to pursue a cause of action for negligent inflection of emotional distress. The following elements of the cause of action for negligent infliction of emotion distress must be pled: (1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotion distress; (2) the plaintiff's distress was foreseeable; (3) the emotion distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress. None of these elements were pled.

In short, merely claiming damages for "emotional distress", without the requisite facts or law to substantiate it, makes that claim also a nullity and insufficient to state a cause of action. Plaintiff has not identified if this mysterious cause of action is in negligent infliction of emotional distress or intentional infliction of emotional distress, but has not pled the requirements of either.

> In order to prevail on a claim for (negligent infliction of mental distress), the plaintiff must plead that the actor should have foreseen that her behavior would likely cause harm of a specific nature, i.se, emotional distress likely to lead to illness or bodily harm,

*Olson v. Bristol-Birmingham Health District*, 87 Conn.App 1, 5, 863 A.2d 748, cert.denied, 273 Conn. 914, 870 A.2d 1083 (2005).

Similarly, on a claim for intentional infliction of emotional distress, the plaintiff must plead the four elements described above in *Appleton, supra.* "Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by society". *Carrnemolla, supra.* Plaintiff has not pled a cause of action in intentional infliction of emotional

5

distress and in this case involving a dispute over a shipping fee of $2,447.83 would not rise to the requisite level, even if properly pled in the Amended Complaint.

**C.     Extortion**

There is no civil cause of action in Connecticut for extortion. *Carnemolla v. Walsh*, 75 Conn.App. 309, 330, 815 A.2d 1251, cert denied, 263 Conn. 913, 821 A.2d 768 (2003). *Hanssler v. New Country Motor Cars of Greenwich, Inc.*, Sup. Ct, J.D. of Stamford-Norwalk, 2005 WL 3046849 ((2005),

**D.     Fraud**

In order to maintain a cause of action in fraud, a plaintiff must plead that: "(1) a false representation was made [by the defendant] as a statement of fact; (2) the statement was untrue and known to be so by [the defendant]; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Internal quotation marks omitted.) *Nazami v. Patrons Mutual Ins. Co.,* 280 Conn. 619, 628, 910 A.2d 209 (2006); see *Goldstar Medical Services, Inc. v. Dept. of Social Services,* 288 Conn. 790, 819, 955 A.2d 15 (2008). The plaintiff has not pled the requirements to establish a cause of action in fraud.

**E.     Unjust Enrichment/Breach of Contract.**

The measure of damages in an unjust enrichment case ordinarily is not the loss to the plaintiff but the benefit to the defendant; in determining the extent of the unjust benefit giving rise to the plaintiff's damages, the trial court may look to the terms of the contract between the parties, notwithstanding the fact that the contract does not provide a basis for relief, as a fair and

reasonable estimate of the benefit accorded to the defendant. *Horner v. Bagnell*, 324 Conn. 695, 154 A.3d 975 (2017). Plaintiff did not plead any facts substantiating an unjust enrichment claim, beside the conclusory claim for the same. Even had it properly done so, punitive damages are not available in a case for a breach of contract or unjust enrichment. *Julia Tate Properties, LLC v. Richie Equipment Corp.*, Sup Ct. J.D. of New London, 2017 WL 690154 (2017).

### III.     CONCLUSION

As noted in *Wood v. Maguire Auto, LLC,* 2011 WL 4478485 (2011), U.S.D.C. S.D., New York),

> In reviewing a motion to dismiss for lack of subject-matter jurisdiction, under Fed.R.Civ.P. 12(b)(1), the court must accept as true all material factual allegations in the complaint. *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). However, unlike the procedure when reviewing a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court is "not to draw inferences from the complaint favorable to Plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs .,* 386 F.3d 107, 110 (2d Cir.2004).1 This is because, as explained more fully below, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively [by the party asserting such jurisdiction], and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998).

Plaintiff's conclusory allegations of emotional distress and punitive damages do not satisfy the threshold amount of $75,000.00.

As aptly stated in *International Christian Broadcasting v. Oper*, 928 Fsupp2d 559, 562 (2013) U.S.D.C. E.D. New York,

> …the Supreme Court created a clarified pleading standard requiring facts that "raise the right to relief above the speculative level" to the plausible level in order for the claim to survive. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), citing 5C Charles Alan Wright & Arthur R. Miller, *Fed. Practice and Proc.* § 1216 (3d ed.2004); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs. LLC,* 568 F.3d 374 (2d Cir.2009).

7

> The Court notes further that "a heightened level of judicial scrutiny is imposed on cases where punitive damages are utilized to satisfy the amount in controversy requirement." *KT Export v. Wolf Canyon of Am., Inc., USA,* 09–CV–7123, 2010 WL 5249231, at *1 (S.D.N.Y. Dec.17, 2010) (citing *Zahn v. Int'l Paper Co.,* 469 F.2d 1033, 1034 n. 1 [2d Cir.1972] ). Thus, the fact that Plaintiff asserts a general request for punitive damages elsewhere in her Complaint is not enough to satisfy the heightened level of judicial scrutiny necessary to conclude that the amount in controversy has been satisfied .

To overcome this presumption, the party opposing jurisdiction must show "to a legal certainty" that the amount sought is above the jurisdictional minimum. *Scherer,* 347 F.3d at 397; *see Travelers Indem. Co. v. Valley Psychological, P.C.,* 2012 WL 3614431 *1 (E.D.N.Y.2012); *Fisher v. O'Brien,* 2010 WL 1269793 *3 (E.D.N.Y.2010). Nonetheless, the "reasonable probability" burden that the statutory minimum is met remains with the plaintiff. *Fisher v. O'Brien,* 2010 WL 1269793 *3 (E.D., N.Y.2010).

Additionally, where as here, the jurisdictional amount is met only by an unsubstantiated and conclusory inclusion of a claim for punitive damages, such calculation must be considered with "heightened scrutiny. *Nwanza v. Time, Inc.,* 125 Fed.Appx. 346, 349 (2d Cir.2005).

Plaintiff's action should be dismissed both pursuant to FRCP 12(b)(1) and FRCP 12(b)(6). If anything, this case belongs in state court, perhaps even in small claims court.

8

RESPECTFULLY SUMITTED

THE DEFENDANT, K TRANS WORLDWIDE LOGISTICS, LLC

BY */s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN

129 WHITNEY AVENUE

NEW HAVEN, CONNECTICUT 06510

FED. BAR NO. CT 0016

203-777-3777

einhornlawoffice@gmail.com

## CERTIFICATION

I hereby certify that on this 18th day of April, 2025, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Jonathan J. Einhorn*

JONATHAN J. EINHORN